BRUSH-SWAN ELECTRIC LIGHT Co. *v.* BRUSH ELECTRIC LIGHT Co.

*(Circuit Court, S. D. New York. June 20, 1890.)*

SPECIFIC PERFORMANCE—INSOLVENCY AS DEFENSE.

> The insolvency of the party seeking the specific enforcement of a contract is no bar to the suit when the contract was renewed by the other party with knowledge of such insolvency.

In Equity. Bill for specific performance. On motion for rehearing. For former opinion, stating the facts, see 41 Fed. Rep. 163.

*Joseph H. Choate* and *William G. Wilson,* for complainant.

*John E. Parsons, Albert Stickney,* and *Gilbert H. Crawford,* for defendant.

COXE, J. The questions involved in this controversy have been again carefully examined. Some of the points before argued are reiterated

with, perhaps, additional force; but no new proposition, either of law or fact, has been advanced. 41 Fed. Rep. 163. It is again argued that the complainant's insolvency is a bar to relief, but the authorities cited seem hardly applicable to the present facts. I cannot find that it has ever been held that mere insolvency, even occurring after the agreement, is a sufficient answer to a bill like this. Such doctrine would, therefore, be quite out of place in a cause where there is neither concealment nor fraud, and where the defendant voluntarily made the contract with full knowledge of the complainant's financial condition. Surely, no case has gone to the extent of holding insolvency a barrier where such facts concur. The defendant was under no obligation to continue its business with an insolvent party, but having chosen to do so it cannot now take advantage of a fact which was as obvious when the renewal was made as it is to-day.

The court at *nisi prius* used its best endeavors to untangle a complicated controversy. As the situation remains unchanged the case may be one for an appeal, but not for a rehearing.

The motion is denied.